UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

GUY RANDY WHITE HORSE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-2922 (PJS/AJB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.  BACKGROUND

In 2001, a federal court jury in the District of South Dakota found Petitioner guilty of aggravated sexual abuse. The victim was his six-year-old son. Petitioner was sentenced to 262 months in federal prison, and he is presently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

After Petitioner was convicted and sentenced, he filed a direct appeal that raised several grounds for relief. The Eighth Circuit Court of Appeals rejected all of Petitioner's arguments, and affirmed his conviction and sentence. United States v. White Horse, 316 F.3d 769 (8th Cir.), cert. denied, 540 U.S. 844 (2003).

In February 2004, Petitioner filed a motion in the trial court seeking post-conviction relief under 28 U.S.C. § 2255.[2] In that proceeding, Petitioner raised several new challenges to his conviction and sentence, including a claim of ineffective assistance of counsel. Petitioner's § 2255 motion was denied by the trial court, and the Eighth Circuit later affirmed that ruling. White Horse v. United States, 209 Fed.Appx. 610 (8th Cir. 2006) (unpublished opinion), cert. denied, 552 U.S. 916 (2007).

In 2009, Petitioner filed a habeas corpus petition in this District Court, seeking relief under 28 U.S.C. § 2241. White Horse v. United States, Civil No. 09-2903 (PJS/RLE). Petitioner contended that his conviction should be vacated, because it was based on a faulty indictment. That case was dismissed for lack of jurisdiction, because Petitioner failed to demonstrate that the remedy provided by § 2255 was "inadequate or ineffective" for the claims presented in his § 2241 petition. See White Horse v. United States, Civil No. 09-2903 (PJS/RLE), (D.Minn. 2009), 2009 WL 3769520. That ruling was summarily affirmed by the Eighth Circuit Court of Appeals in a one-page judgment, and the United States

---

[2] The trial court docket sheet for Petitioner's original criminal case in the District of South Dakota, (United States v. White Horse, No. 5:01-cr-50002-KES-1), is accessible to this Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal judiciary. The docket sheet for Petitioner's § 2255 proceedings, (White Horse v. United States, No. 5:04-cv-5020-KES), is also available on CM/ECF.

Supreme Court denied Petitioner's subsequent application for a writ of certiorari.[3]

Petitioner has also challenged his conviction in two more recent motions in the trial court, which were brought under Fed. R. Civ. P. 60(b). In both of those motions, Petitioner asked the trial court to "reconsider" the previous denial of his § 2255 motion. The trial court found that both motions presented new challenges to Petitioner's conviction, and were, in effect, second or successive § 2255 motions. Because Petitioner had not been granted preauthorization to file a second or successive § 2255 motion, (see 28 U.S.C. §§ 2255(h) and 2244(b)), both of his Rule 60(b) motions were summarily denied for lack of jurisdiction. See White Horse v. United States, No. Civ. 04-5020-KES, (D.S.D. 2010), 2010 WL 2228357; United States v. White Horse, No. Cr. 01-50002-KES, (D.S.D. 2012), 2012 WL 112296.[4]

In the present § 2241 habeas corpus case, Petitioner is once again attempting to challenge his 2001 conviction in his federal criminal case in the District of South Dakota. He now claims that he has "new evidence," which purportedly shows that he is "actually innocent" of the crime for which he was convicted. Petitioner's actual innocence claim is based on two single-page documents attached to his petition. One document is a typewritten statement dated September 22, 2008, that is signed by a school counselor. The statement indicates that the victim (Petitioner's son) told the counselor that "his father

---

[3] The rulings of the Court of Appeals and the Supreme Court can be found in the CM/ECF records maintained by the Clerk of Court for this District in White Horse v. United States, Civil No. 09-2903 (PJS/RLE), (Docket Nos. 17 and 21).

[4] CM/ECF shows that Petitioner has filed several other challenges to his conviction in the trial court, and in the Eighth Circuit Court of Appeals, which are not reported in Westlaw.

had never touched him in the manner to which he testified in court." (Petition, [Docket No. 1], Exhibit.)  The second document is a brief handwritten statement purportedly signed by the victim, which indicates that Petitioner never touched him "in any kind of way," and that "all the things" the victim "said in court weren't true."  (Id.)

For the reasons discussed below, the Court finds that Petitioner's current challenges to his 2001 federal criminal conviction cannot be brought in a § 2241 habeas corpus petition.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  See Rojas v. Apker, 470 Fed.Appx. 522, 523 (8th Cir. 2012) (unpublished opinion) ("[g]enerally, a federal inmate's exclusive remedy for collaterally attacking the constitutional validity of his sentence is through a 28 U.S.C. § 2255 motion filed in the sentencing court").  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under

4

§ 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his 2001 conviction in the District of South Dakota. He claims that his conviction should be set aside based on new evidence that purportedly shows he did not commit the crime for which he was convicted. Because Petitioner is directly challenging the validity of his original conviction, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. However, Petitioner is precluded from seeking relief under § 2255, because he has already done so once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the

5

apposite Circuit Court of Appeals. 28 U.S.C. §§ 2255(h) and 2244(b)(3). Petitioner apparently does not have a preauthorization order from the Eighth Circuit Court of Appeals, so it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and transfer this matter to the district court in which Petitioner was convicted and sentenced.

Moreover, it appears that Petitioner has deliberately elected to bring his current claims in a § 2241 habeas corpus petition, perhaps because he knows he is not currently eligible for relief under § 2255. Petitioner might believe that he is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his conviction in a § 2241 habeas proceeding, because he does not presently have a preauthorization order that would allow him to file a second or successive § 2255 motion. That reasoning, however, must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will <u>not</u> be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." <u>United States v.</u>

Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). See also Braggs v. Marberry, 247 Fed.Appx. 392, 393 (3rd Cir. 2007) (unpublished opinion) ("Section 2255 is 'inadequate or ineffective' only if the petitioner 'was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application'") (quoting Okereke v. United States, 307 F.3d 117, 120 (3rd Cir. 2002)). In this case, there has been no relevant change in the law since Petitioner's § 2255 motion was denied by the trial court.

Petitioner suggests that the savings clause should be applied here because of the Supreme Court's recent decision in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), but Petitioner cannot invoke the savings clause based on that decision. In McQuiggin, the Court held that a state prisoner seeking federal habeas relief can overcome a statute of limitations defense by presenting proof of actual innocence. See id. at 1928 ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid a statute of limitations defense). McQuiggin obviously does not affect any statute or legal principle directly relevant to Petitioner's conviction per se. If McQuiggin had been decided

before Petitioner was convicted, that decision would have had no effect whatsoever on the outcome of his trial. In short, McQuiggin does not imply that Petitioner's conviction itself was defective. Therefore, McQuiggin did not change the law in a way that could allow Petitioner to invoke the savings clause.

The Court also recognizes that Petitioner is not attempting to show just that his prosecution and trial were somehow procedurally flawed, but rather, he is claiming that he is "actually innocent" of the crime for which he was convicted. However, a claim of actual innocence is not necessarily sufficient, by itself, to successfully invoke the savings clause. The Eighth Circuit Court of Appeals made that quite clear in Abdullah. There, the Court held that a federal prisoner cannot invoke the savings clause, even for a claim of actual innocence, if he previously had some procedural opportunity to raise that claim. Abdullah, 392 F.3d at 963 (§ 2255 is not inadequate or ineffective, thereby allowing a prisoner to raise an actual innocence claim in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand"). Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because § 2255 afforded him an adequate opportunity to raise his claim of actual innocence in a second or successive § 2255 motion.

As the Court has already noted, § 2255(h) bars federal prisoners from filing a second or successive § 2255 motion, <u>unless the prisoner has been granted preauthorization by the superintending circuit court of appeals</u>. A second or successive § 2255 motion <u>can be</u> entertained in a federal district court <u>if</u> it has been "certified as provided in section 2244 by a panel of the appropriate court of appeals to contain... <u>newly discovered evidence</u> that, if proven and viewed in light of the evidence as a whole, would be sufficient

8

to establish by clear and convincing evidence that <u>no reasonable factfinder would have found the movant guilty of the offense</u>." 28 U.S.C. § 2255(h) (emphasis added). This statutory provision is relevant here, because it affords a federal prisoner, such as Petitioner, an opportunity to bring a claim of actual innocence based on new evidence in a second or successive § 2255 motion. Thus, if Petitioner does indeed possess some newly discovered evidence that would effectively prove his innocence, he could present that evidence to the Eighth Circuit Court of Appeals, and ask that Court to allow him to file a new § 2255 motion in the trial court.

The applicable legal principle has been aptly explained as follows:

"A section 2255 motion is <u>not</u> inadequate or ineffective where the [§ 2241 habeas] petition raises newly discovered evidence or a new rule of constitutional law.... [Citation omitted.] [When] the petitioner argues that newly discovered evidence establishes his actual innocence of at least some of the crimes of which he was convicted.... the procedure for him to utilize is to apply to the appropriate circuit court for certification to file a subsequent section 2255 motion."

<u>Winfield v. Martinez</u>, No. 3:08cv509, (M.D.Pa. 2008), 2008 WL 4541945 at *2 (footnote omitted) (emphasis in the original). <u>See</u> <u>also</u> <u>Okoro v. Hemingway</u>, 104 Fed.Appx. 558, 559 (6th Cir. 2004) (unpublished opinion) (a federal prisoner's challenge to his conviction based on new evidence showing actual innocence cannot be raised in a § 2241 habeas petition under the savings clause, because a "credible claim of actual innocence based upon new evidence is cognizable in a second or successive motion for relief from judgment pursuant to 28 U.S.C. § 2255"), <u>cert</u>. <u>dismissed</u> 543 U.S. 1044 (2005); <u>Hill v. Warden, FCC Coleman-USP II</u>, 364 Fed.Appx. 587, 590 (11th Cir. 2010) (unpublished opinion) (§ 2241 habeas petitioner "had a procedural opportunity" under § 2255(h) "to raise this new evidence in a successive § 2255 petition"); <u>White v. Nash</u>, 67 Fed.Appx. 631, 633-34 (2nd

Cir. 2003) (unpublished opinion) (federal prisoner could not rely on the savings clause to bring a § 2241 habeas corpus petition based on newly discovered evidence, because the prisoner could seek permission to bring his new evidence claim in a second or successive § 2255 motion); Fox v. Rivera, No. 2:07-1277-GRA-RSC, (D.S.C. 2007), 2007 WL 2746716 at *3-4 (same).

As the Court of Appeals stated in Abdullah –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

In this case, § 2255(h) has afforded Petitioner an adequate procedural opportunity to raise his actual innocence claim in a second or successive § 2255 motion. Because § 2255(h) provides a procedural means of raising a claim of actual innocence based on new evidence, § 2255 is not an inadequate or ineffective remedy for Petitioner's current claim, and the savings clause is not applicable here.[5]

## III. CONCLUSION

---

[5] Based on the records that are available through CM/ECF, it appears that Petitioner has already tried to invoke the remedy provided by § 2255(h) – i.e., he has already asked the Eighth Circuit Court of Appeals for permission to file a second § 2255 motion based on new evidence that purportedly proves his actual innocence. However, the Court of Appeals apparently denied that request. White Horse v. United States, No. 08-3910 (8th Cir. Mar. 11, 2009, [Judgment of Dismissal]). If the Court of Appeals would not let Petitioner file a second or successive § 2255 motion for the same actual innocence claim that he is attempting to bring here, that ruling would not mean that § 2255 is a procedurally "inadequate or ineffective remedy;" it would simply mean that the Court of Appeals found Petitioner's actual innocence claim to be substantively unworthy of further review in the trial court.

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief directly challenges the validity of his 2001 federal criminal conviction in the District of South Dakota; (2) such challenges can be raised only in a § 2255 motion filed in the trial court, unless the remedy provided by that statute is "inadequate or ineffective;" and (3) § 2255 is not an "inadequate or ineffective" remedy for Petitioner's current actual innocence claim, because § 2255(h)(1) afforded him an adequate procedural opportunity to raise that claim by means of a second or successive § 2255 motion. Thus, the Court concludes that Petitioner's current habeas corpus petition is barred by the § 2255(e) exclusive remedy provision; that the "savings clause" is not available for Petitioner's claim of actual innocence based on new evidence; and that this action must therefore be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

11

Dated: November 1, 2013

                s/Arthur J. Boylan
                ARTHUR J. BOYLAN
                Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before  11/18/13 .