UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| GUY RANDY WHITEHORSE, | Case No. 13-CV-2922 (PJS/JJK) |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

Guy Randy Whitehorse, pro se.

Gregory G. Brooker, UNITED STATES ATTORNEY'S OFFICE, for respondent.

Petitioner Guy Randy Whitehorse[1] was convicted of aggravated sexual abuse under 18 U.S.C. §§ 2241(c) and 1152 after a jury trial in the United States District Court for the District of South Dakota, and he was sentenced to a 262-month term of imprisonment. Whitehorse's conviction and sentence were affirmed by the Eighth Circuit on direct appeal. *See United States v. White Horse*, 316 F.3d 769 (8th Cir. 2003).

Whitehorse has repeatedly challenged the validity of his conviction and sentence. He first filed a motion pursuant to 28 U.S.C. § 2255 in the District of South Dakota. That motion was denied, and the denial was affirmed by the Eighth Circuit in a brief, per curiam opinion. *See White Horse v. United States*, 209 Fed. Appx. 610, 610-11 (8th Cir. 2006) (per curiam). Since that time, Whitehorse has filed numerous motions in both the District of South Dakota and this District pursuant to a variety of other statutes, rules, and legal theories *See, e.g.*, *United States v.*

---

[1] In prior cases, Whitehorse has spelled his surname "White Horse." In his petition in this case, however, Whitehorse spells his surname "Whitehorse." The Court will follow suit.

*White Horse*, No. CR 01-50002-KES, 2012 WL 112296 (D.S.D. Jan. 12, 2012) (denying motion alleging fraud on the court); *White Horse v. United States*, Civ. No. 04-5020-KES, 2010 WL 2228357 (D.S.D. June 1, 2010) (denying motion brought pursuant to Fed. R. Civ. P. 60(b)(6)); *White Horse v. United States*, No. 09-CV-2903 (PJS/RLE), 2009 WL 3769520 (D. Minn. Nov. 10, 2009) (denying habeas petition brought pursuant to 28 U.S.C. § 2241).  On each occasion, Whitehorse's motions have been construed as attempts to file a second or successive § 2255 motion without the prior approval of the Eighth Circuit, and each motion has been rejected on that basis.  *See* 28 U.S.C. § 2255(h).

Whitehorse now brings this action seeking habeas relief pursuant to 28 U.S.C. § 2241.  In his petition, Whitehorse alleges that newly discovered evidence reveals that he is innocent of the crime for which he was convicted.  This matter is before the Court on Whitehorse's objection to the Report and Recommendation ("R&R") of former Chief Magistrate Judge Arthur J. Boylan.  In the R&R, Judge Boylan recommends that this case be summarily dismissed for lack of jurisdiction.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Whitehorse's objection and adopts the R&R.

Clearly, Whitehorse is attempting to challenge the validity of his conviction through his habeas petition; he admits as much in his objection.  *See* Obj. at 8 [ECF No. 10].  But "[a] petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective."  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see also* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus

[on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained . . . unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.").

Whitehorse has not shown that § 2255 would be inadequate or ineffective for pursuing his claim of actual innocence. Indeed, Whitehorse's actual-innocence claim based on newly discovered evidence is squarely within the class of cases for which successive § 2255 motions are permitted — provided that the defendant receives permission from the appropriate court of appeals to file a successive motion. *See* 28 U.S.C. § 2255(h)(1). And the fact that a defendant must receive permission from the court of appeals before filing a successive § 2255 motion does not, by itself, render § 2255 inadequate or ineffective. *See Hill v. Warden, FCC Coleman-USP II*, 364 Fed. Appx. 587, 590 (11th Cir. 2010); *Abdullah*, 392 F.3d at 963; *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Whitehorse suggests that *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), alters this analysis. It does not. In *McQuiggin*, the Supreme Court held that a habeas petitioner alleging actual innocence could overcome the one-year statute of limitations by showing that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). But *McQuiggin* does not stand for the proposition that *all* impediments to post-conviction relief are inapplicable to claims of actual innocence. Rather, *McQuiggin* held only that a petitioner cannot be *entirely foreclosed* from pursuing a colorable actual-innocence claim based on newly discovered evidence.

Again, Whitehorse is not entirely foreclosed from bringing his actual-innocence claim. He can seek the Eighth Circuit's permission to pursue that claim — and, if he receives that permission, he can file a successive § 2255 motion in the District of South Dakota. Accordingly, § 2255 is neither inadequate nor ineffective for Whitehorse to raise his actual-innocence claim. And because § 2255 is neither inadequate nor ineffective, the Court is without the authority to adjudicate Whitehorse's petition to vacate his conviction under § 2241. *See* 28 U.S.C. § 2255(e). Whitehorse's habeas petition must therefore be dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the objection of petitioner Guy Randy Whitehorse [ECF No. 10] and ADOPTS the November 1, 2013 R&R [ECF No. 3]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Whitehorse's petition for writ of habeas corpus [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. Whitehorse's motion for discovery [ECF No. 11] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 20, 2014

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge